HOWARD F. OWENS *vs.* WILMINGTON & PHILADELPHIA TRACTION COMPANY.

1.   NEGLIGENCE—CONTRIBUTORY NEGLIGENCE NO DEFENSE, IF SUBSEQUENT NEGLIGENCE CAUSED INJURY.

Plaintiff can recover damages for an injury caused by defendant's negligence, notwithstanding plaintiff's own negligence exposed him to the risk of injury, if the injury was more immediately caused by defendant's failure, after becoming aware of plaintiff's danger, to use ordinary care to avoid injury to him.

2.   RAILROADS—TRAVELER MUST AT LEAST LOOK AND LISTEN.

A railway crossing is notice of danger, and imposes on the traveler as a matter of law at least the duty to look and listen, and, if he fails to exercise such care and receives injury therefrom, he is left without remedy.

3.   RAILROADS—TRAVELER MUST USE HIS KNOWLEDGE OF CONDITIONS.

A person approaching a railway crossing, with which he is familar, must avail himself of his knowledge of the crossing, so far as he can, and act accordingly.

4.   RAILROADS—TRAVELER MUST LOOK, WHEN VIEW IS OBSTRUCTED.

If a traveler's view is obstructed, it is his duty to look for approaching cars in time to avoid collision with them, if by the exercise of due care he could so

do; and if he does not look in time, and for that reason does not see an approaching car until it is too late, and is thereby injured, he is guilty of contributory negligence; and, when the view is obstructed, greater care is necessary than when it is unobstructed.

5. Railroads—Failure of Either Traveler or Railroad Employee to Exercise care Does not Excuse Failure of Other to do so.

While both the motorman of the car approaching a highway crossing and a traveler seeking to cross the tracks can assume that the other will use all the care and caution that the situation reasonably requires, failure of either to use such care will not justify the other in taking unnecessary risks, or relieve him of the duty of exercising reasonable care to avoid injury.

6. Railroads—"Reasonable Care" in Operation of Electric Cars Defined.

By the term "reasonable care" in the management of electric cars in motion is meant all the care which the particular circumstances of the place and occasion require, and this will be increased or diminished as the ordinary liability to danger and injury is increased or diminished; so that, where the railway approaches the crossing at grade, or where the view of the railway from the crossing street is obstructed, greater care is required of the person in charge of the car than under other circumstances.

7. Railroads—Traveler Must Exercise Greater Care, Where he Knows Grade Makes Stopping Difficult.

If the driver of an automobile attempts to cross the tracks of a trolley line, when by reason of a down grade he knows it is more difficult for the motorman to stop or check his car, the driver should exercise more care than would be necessary where the place of crossing was on a level or ascending grade.

(*April* 1, 1921)

Pennewill, C. J., and Boyce, J., sitting.

*Richard S. Rodney* (of Saulsbury, Morris & Rodney) and *L. Wethered Barroll* (of the Baltimore, Md., Bar) for plaintiff.

*H. H. Ward* (of Ward, Gray and Neary) for defendant.

Superior Court for New Castle County, March Term, 1921.

Sums. Case, No. 179, September Term, 1920.

Action by Howard F. Owens against Wilmington & Philadelphia Traction Company. Verdict for defendant.

The facts appear in the charge of the Court.

## Plaintiff's Prayers

A street car on approaching a crossing must give proper warning. *Adams v. Railroad Co.*, 3 *Pennewill*, 512, 52 *Atl.* 264; *Farley v. Railway Co.*, 3 *Pennewill*, 581, 52 *Atl.* 543; *Bass' Adm'r v. Railway & L. Co.*, 100 *Va.* 1, 40 *S. E.* 100.

What warning is proper must be determined in the light of all circumstances of the particular case. *Di Prisco v. Railway Co.*, 4 *Pennewill*, 527, 533, 57 *Atl.* 906.

Negligence on the part of the motorman in charge of the car in question would be the negligence of the defendant company. *Garrett v. Railway Co.*, 6 *Pennewill*, 29, 31, 64 *Atl.* 254; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 270, 82 *Atl.* 1081.

Negligence in the legal sense is the failure to observe, for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. *Tully's Adm'r v. Railway Co.*, 2 *Pennewill*, 537, 540, 47 *Atl.* 1019, 82 *Am. St. Rep.* 425; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 266, 82 *Atl.* 1081.

"The term 'ordinary care and diligence,' when applied to the management of electric cars in motion, may be understood to import all the care, circumspection, prudence and discretion which the particular circumstances of the place and occasion require of the servants of the defendant company; and this will be increased or diminished as the ordinary liability to danger, accident and injury is increased or diminished in the movement and operation of such cars." *Lenkewicz v. Railway Co.*, 7 *Pennewill*, 64, 68, 74 *Atl.* 11, 13; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 267, 82 *Atl.* 1081; *Eaton v. Wil. City Ry. Co.*, 1 *Boyce*, 435, 75 *Atl.* 369.

Where the railway approaches the crossing at a steep downgrade, or where the view of the railway from the crossing street is obstructed by buildings or otherwise, greater care is required of the person in charge of the car than when the approach of the railway to the crossing is at or near the grade of the crossing, or where the view of the railway is unobstructed. *Snyder v. Railway Co.*,

Statement.

4 *Pennewill*, 145, 149, 53 *Atl.* 433; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 269, 82 *Atl.* 1081.

It is the duty of the company to see that its motormen slow up or stop, if need be, where danger is imminent and could by the exercise of reasonable care be seen or known in time to prevent the accident. *Adams v. Railway Co.*, 3 *Pennewill*, 512, 514, 52 *Atl.* 264; *Farley v. Railway Co.*, 3 *Pennewill*, 581, 583, 52 *Atl.* 543; *Di Prisco v. Railway Co.*, 4 *Pennewill*, 527, 532, 57 *Atl.* 906; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 268, 82 *Atl.* 1081. And as the danger of collision increased, if he, the motorman saw or could see the danger, it was his duty to use all the means in his power to check or stop the car. *Railway Co. v. White*, 6 *Pennewill*, 363, 367, 66 *Atl.* 1009; *Bunyan v. Railway Co.*, 127 *Mo.* 12, 29 *S. W.* 842, 844.

The general rule is none the less certain in approaching a crossing, the motorman in charge of a car is bound to keep a sharp lookout for persons who may attempt to cross the tracks and to have his car under such control that he can stop it upon the appearance of danger and to give such signals as will usually protect travelers who are in the exercise of ordinary prudence. *Bremer v. Railway Co.*, 107 *Minn.* 326, 120 *N. W.* 382, 21 *L. R. A.* (*N. S.*) 887 (1909); *Railroad Co. v. Robinson*, 127 *Ill.* 9, 18 *N. E.* 772, 4 *L. R. A.* 126, 11 *Am. St. Rep.* 87; *Bunyan v. Railway Co.*, 127 *Mo.* 12, 29 *S. W.* 842, 843; *Traction Co. v. Lusby*, 12 *App. D. C.* 295; *Culbert v. W. & P. Tr. Co.*, 3 *Boyce*, 253, 269, 82 *Atl.* 1081.

If the jury believe that the motorman in charge of the car which inflicted the injury saw or by the exercise of reasonable care could have seen the plaintiff approaching the crossing and was in a position of imminent danger, and the motorman by the exercise of reasonable care could have stopped his car in a shorter distance than he did stop it, and if he had stopped the car in the distance in which the car was so susceptible of being stopped, the plaintiff would not have been injured, then the defendant is guilty of negligence proximate to the injury and the plaintiff is entitled to your verdict. *Adams v. Railway Co.*, 3 *Pennewill*, 512, 514, 52 *Atl.*

264;  *Farley v. Railway Co.*, 3 *Pennewill*, 581, 583, 52 *Atl.* 543;
*Di Prisco v. Railway Co.*, 4 *Pennewill*, 527, 532, 57 *Atl.* 906;
*Bunyan v. Railway Co.*, 127 *Mo.* 12, 29 *S. W.* 842, 843; *Nielson v.
City of Albert Lea*, 87 *Minn.* 285, 91 *N. W.* 1113; *Culbert v. W. & P.
Tr. Co.*, 3 *Boyce*, 253, 270, 82 *Atl.* 1081.

It is now perfectly settled that the plaintiff may recover
damages for an injury caused by the defendant's negligence, not-
withstanding the plaintiff's own negligence exposed him to the
risk of injury, if such injury was more immediately caused by the
defendant's omission, after becoming aware of the plaintiff's
danger, to use ordinary care for the purpose of avoiding injury
to him.  *Tully's Adm'r v. Railroad Co.*, 2 *Pennewill*, 537, 541, 47
*Atl.* 1019, 82 *Am. St. Rep.* 425; *Lenkewicz v. Railway Co.*, 7 *Penne-
will*, 64, 69, 74 *Atl.* 11; *Jones v. Belt*, 8 *Houst.* 562, 568, 32 *Atl.* 723;
*Ford v. Warner Co.*, 1 *Marv.* 88, 93, 37 *Atl.* 39.

The servants in charge of a car should have it under reasonable
control and be on the lookout for travelers upon the highway,
that they being in the exercise of due care may not be injured.

In going down grade it is the duty of the motorman, in charge
of a car,  to make the descent at such reasonable speed as not to
allow the car to get beyond his control, if he is able to do so.  *Eaton
v. Wil. City Ry. Co.*, 1 *Boyce*, 435, 75 *Atl.* 369;  *White v.Wil. City
Ry.*, 6 *Pennewill*, 105, 113, 63 *Atl.* 931;  *Price v. Warner Co.*, 1
*Pennewill*, 472, 42 *Atl.* 699.

It is the duty of a railroad company to give timely and suf-
ficient warning, by bell, whistle or otherwise, of the approach of
trains, and to run its trains, at a rate of speed proper and reason-
able under the circumstances; and if the defendant failed to make
use of such usual and appropriate means to warn the deceased at
the time and place of the accident it would be negligence on its
part.  *MacFeat's Adm'r v. P. W. & B. R. Co.*, 5 *Pennewill*, 52, 62
*Atl.* 898.

At some crossings other warnings in addition to the statutory
warnings will be required of a railroad under peculiar circum-
stances or on extraordinary occasions.  A railroad Company is
required to operate its trains with the care and prudence which

the peculiar circumstances of the place reasonably require. *Lofland's Brickyard Crossing Cases*, 5 *Boyce*, 150-154, 91 *Atl.* 285.

A railroad crossing ordinarily is a place of great danger, and if at the crossing there are obstructions of such a nature that a traveler on the highway approaching the crossing is prevented from seeing an approaching train, or if the peculiar conditions surrounding the crossing are of a nature that a traveler using due care and caution likewise is prevented from hearing the blowing of a whistle on the approaching locomotive, the danger of the crossing is increased, and the degree of care on the part of the railroad to warn travelers on the highway of the approach of trains is correspondingly increased. *Lofland's Brickyard Crossing Cases*, 5 *Boyce*, 150-155, 91 *Atl.* 285.

## Defendant's Prayers

If the jury should find from the evidence that there was mutual negligence—that is, negligence on the part of both the plaintiff and the defendant— and the negligence of each was operative at the time of the injury complained of, a recovery cannot be had for such injury. If the negligence of the plaintiff entered into the accident and was the proximate cause of the injury even though the defendant were guilty of negligence operating at that time, a recovery cannot be had, for there is contributory negligence, and the law will not attempt to measure the proportion of blame or negligence to be attributed to either party. *Gatta* (widow) *v. P. B. & W. R. R. Co.*, 2 *Boyce*, 551, 83 *Atl.* 788; *Reynolds v. Clark*, 5 *Boyce*, 250, 92 *Atl.* 873.

A person approaching a railway crossing with which he is familiar must avail himself of his knowledge of the locality and act accordingly. If as he approaches the crossing his line of vision is unobstructed, it is his duty to look for approaching cars in time to avoid collision with them, and if he does not look and for this reason does not see an approaching car until it is too late to avoid a collision, and he is thereby injured, he is guilty of contributory negligence and cannot recover therefor. When the view of the crossing is obstructed, greater care on the part of the one crossing

the same is necessary than in places where the view is unobstructed. *Brown v. Wil. City Ry. Co.*, 1 *Pennewill*, 332, 40 *Atl.* 936; *Adams v. W. & N. C. Ry. Co.*, 3 *Pennewill*, 512, 52 *Atl.* 264; *Snyder v. People's Ry. Co.*, 4 *Pennewill*, 145, 53 *Atl.* 433; *Boudwin v. Wil. City Ry. Co.*, 4 *Pennewill*, 381, 60 *Atl.* 865; *Dungan v. Wil. City Ry. Co.*, 4 *Pennewill*, 458, 58 *Atl.* 868; *Di Prisco v. Wil. City Ry. Co.*, 4 *Pennewill*, 527, 57 *Atl.* 906; *Lynch's Ex'rs v. Wil. City Ry. Co.*, 7 *Pennewill*, 192, 78 *Atl.* 636.

A person approaching a railway track or attempting to cross it is bound to avail himself of his knowledge of the fact that the track is laid in the street or road, and act accordingly, and if he approaches the track, or attempts to cross it, he is bound to look for approaching cars, in time, if possible, to avoid collision with them, and if he does not look and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence and cannot recover. *Wilman v. People's Ry. Co.*, 4 *Pennewill*, 260, 55 *Atl.* 332; *Price v. Chas. Warner Co.*, 1 *Pennewill*, 462, 42 *Atl.* 699.

If the jury should find that the defendant company negligently failed to give any signal of its approach to the crossing, or that it approached the crossing at a high, excessive or dangerous rate of speed, but should also find that the plaintiff either saw, or by the reasonable use of his sense of sight could have seen, the approaching car, and nevertheless crossed the track and thereby contributed to the accident, the plaintiff cannot recover. *Garrett v. People's Ry. Co.*, 6 *Pennewill*, 29, 64 *Atl.* 254; *Welch, Adm'r, v. B. & O. R. R. Co.*, 7 *Pennewill*, 140, 76 *Atl.* 50; *Martin v. B. & P. R. Co.*, 2 *Marv.* 123, 42 *Atl.* 442; *Evans v. P. B. & W. R. Co.*, 1 *Boyce*, 562, 77 *Atl.* 831; *Id.*, 2 *Boyce*, 370, 80 *Atl.* 625.

If the jury believe that the plaintiff, as he approached the crossing in question, saw or by looking could have seen, the approaching car in time, by the exercise of reasonable diligence, to slacken the speed of or to stop his automobile before it collided with the trolley car, and he failed to do so, he was guilty of negligence, and if such negligence entered into or contributed to the collision at the time of the injuries complained of, this will defeat

his right to recover. *Garrett v. People's Ry. Co.*, 6 *Pennewill*, 29, 64 *Atl.* 254.

The motorman of a trolley car may very properly assume that the traveler on a highway, if far enough away to cross safely, will continue his movements and cross in front of the car, or, if warned of the approach of the car, will stop and let the car pass first. The motorman has the right to assume that a person under such circumstances will exercise ordinary care under all the circumstances until the contrary appears. *Garrett v. People's Ry. Co.*, 6 *Pennewill*, 29, 64 *Atl.* 254.

If the jury believe that the plaintiff drove up to the railway crossing and upon it, without looking to ascertain if any trolley were approaching, and a collision and injury occurred to him from the passing trolley, which would have been prevented had the plaintiff exercised proper and ordinary prudence, care and caution, the plaintiff was guilty of contributory negligence and cannot recover from the railway company for such injury. *Lynch's Ex'rs v. Wil. City Ry. Co.*, 7 *Pennewill*, 192, 78 *Atl.* 636; *Knopf v. P. W. & B. R. Co.*, 2 *Pennewill*, 392, 46 *Atl.* 747; *Reed v. Queen Anne's R. R. Co.*, 4 *Pennewill*, 414, 57 *Atl.* 529; *Trimble v. P. B. & W. R. Co.*, 4 *Boyce*, 519, 89 *Atl.* 370; *Buchanan v. P. B. & W. R. Co.*, 1 *Boyce*, 83, 75 *Atl.* 872.

Where the driver of a vehicle attempts to cross the tracks of a trolley line, when by reason of a down grade it is more difficult to stop or check a trolley car, the driver of the vehicle should exercise more care than might be necessary where the place of crossing was upon a level or ascending grade. *Weldon v. People's Ry. Co. (Del. Super.)*, 65 *Atl.* 589.

If the jury believe that the plaintiff approached the crossing with the curtains of his automobile rolled down, and that but for this fact he could have seen the trolley approaching, and that but for the fact that the curtains were rolled down the accident would not have happened, then the plaintiff is guilty of contributory negligence and cannot recover.

Electric cars of necessity can use only those parts of the public highway which are covered by their tracks, inasmuch as such cars

move only upon their tracks within fixed limits; but within those limits the right of the company is superior to that of other users and must not be unnecessarily interfered with or obstructed. *Adams v. W. & N. C. E. Ry.*, 3 *Pennewill*, 512, 52 *Atl.* 264; *Brown v. W. C. Ry. Co.*, 1 *Pennewill*, 332, 40 *Atl.* 936; *Price v. Chas. Warner Co.*, 1 *Pennewill*, 462, 42 *Atl.* 699.

A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe that the collision in this case was of such a character, it would come under the head of unavoidable accidents, and the plaintiff could not recover. *Adams v. W. C. Ry. Co.*, 3 *Pennewill*, 512, 52 *Atl.* 264; *Ogle v. P. W. & B. R. Co.*, 3 *Houst.* 267; *Farley v. W. & N. C. Ry. Co.*, 3 *Pennewill*, 581, 52 *Atl.* 543.

PENNEWILL, C. J., charging the jury:

This action was brought by the plaintiff against the defendant company for the recovery of damages which the plaintiff alleges he sustained by reason of the negligence of the defendant. It is charged by the plaintiff that in the afternoon of June 4, 1920, he was proceeding in his automobile from the grounds of the Wilmington Trap Shooters' Association in Brandywine hunddred in this county, and in driving over the tracks of the defendant's railway, where it crosses a roadway at a point very near the entrance to the grounds of said association, his automobile was struck by a trolley car of the defendant, such collision resulting in personal injuries to the plaintiff and the destruction of his automobile. The plaintiff says that he was at the time exercising due care in looking and listening for an approaching car, and failed to see it in time to avoid the accident, because his view was obstructed by vegetation and other obstructions standing near the tracks that interfered with vision, and which prevented the motorman from seeing persons on said roadway until they were within a few feet of the crossing.

It is admitted by the defendant that it was operating, at the time of the accident, the trolley car that collided with the plaintiff's automobile; and that the plaintiff was a visitor at the grounds

of the Wilmington Trap Shooters' Association on the day of the accident, and that the road spoken of by the witnesses led to the grounds of said association.

The damages sought to be recovered are for personal injuries to the plaintiff, and for damage to his automobile. The action is predicated upon the negligence of the defendant, and the acts of negligence charged to him are: (1) The excessive and dangerous speed of the trolley car; and (2) the failure to give any warning of the approach of the car at the crossing where the accident happened.

Negligence, in the legal sense, is the failure to exercise due care; that is, such care as the circumstances require for the prevention of accident, and such as a reasonably prudent and careful man would use under like conditions. It is the failure to observe for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

The negligence of the motorman in charge of a car of a railway company would be the negligence of the company. Negligence, however, is never presumed; it must be proved by a preponderance of the testimony, otherwise the plaintiff cannot recover.

The defendant denies that it was guilty of any negligence that caused the accident, and insists that, even if it was guilty of negligence, the plaintiff was guilty of contributory negligence in failing to exercise due care in looking for the approaching trolley car in time to avoid the accident. The contention of the defendant is that if the plaintiff had looked for the trolley car, as he should have done, he would have seen it in time to avoid collision with it. If that contention is true, the plaintiff cannot recover, no matter if the defendant was negligent, because the law will not permit one to recover damages for injuries proximately caused by his own want of care.

[1, 2] But contributory negligence, that is, the negligence of the plaintiff, cannot be presumed; and in order to defeat recovery, it must clearly appear from the preponderance of the evidence, and be the proximate cause of the injury complained of.

The plaintiff may recover damages for an injury caused by the defendant's negligence, nowwithstanding the plaintiff's own negligence exposed him to the risk of injury; if such injury was more immediately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him. The law regards a railway crossing as a place of danger. The presence of such a crossing is notice to the person approaching it of the danger of colliding with a passing car. Because of the danger there is imposed upon such person the duty of exercising reasonable care, and he is required, at least, to look and listen for an approaching car before venturing to cross the tracks; and if he fails to exercise such care, whatever danger he could thereby have discovered and avoided he incurs the peril of, if he proceeds, and for any injury arising from such fault, is left without remedy.

[3, 4] A person approaching a railway crossing of which he has knowledge must avail himself of such knowledge, so far as he can, and act accordingly. If, as he approaches the crossing his line of vision is obstructed, it is his duty to look for approaching cars in time to avoid collision with them, if by the exercise of due care he could do so; and if he does not look in time and for that reason does not see an approaching car until it is too late to avoid collision, and is thereby injured, he is guilty of contributory negligence, and is without remedy. It is not enough for him to look when it is too late, if by looking earlier he could have seen the danger and escaped it. When the view of the crossing is obstructed, greater care is necessary than where the view is unobstructed.

[5] While both the motorman of a trolley car and the traveler seeking to cross the trolley tracks have the right to assume that the other will use all the care and caution that the situation reasonably required for the prevention of accident, the failure of either to use such care will not justify the other in taking unnecessary risks or relieve him of the duty of exercising reasonable caution to avoid injury. It is the duty of the motorman on approaching a crossing to give proper warning by bell, gong or other-

wise, and run his car at a proper rate of speed, that is, such warning and such speed as the conditions at the time reasonably require, and such as an ordinarily prudent person would use. If because of the failure to give such warning, or because of excessive and dangerous speed, the traveler is injured, the company would be liable, provided the traveler could not, by the exercise of due care have avoided injury. If the traveler saw or by the reasonable use of his sense of sight could have seen the approaching car, and nevertheless tried to cross the track and thereby contributed proximately to the accident, the defendant would not be liable. But even though the traveler is careless in approaching the crossing, the motorman is required to do all that he reasonably can do by proper warning and the careful management of his car to avoid collision when he sees, or by using due care could see, that danger is imminent.

[6] By the term "reasonable care" in the management of electric cars in motion, is meant all the care which the particular circumstances of the place and occasion require of the servants of the company; and this will be increased or diminished as the ordinary liability to danger and injury is increased or diminished in the movement and operation of its cars. Where the railway approaches the crossing at grade, or where the view of the railway from the crossing street is obstructed, greater care is required of the person in charge of the car than when the approach of the railway to the crossing is at grade or where the view of the railway is unobstructed.

[7] On the other hand, if the driver of an automobile attempts to cross the tracks of a trolley line, when by reason of a down grade it is more difficult for the motorman to stop or check his car, the driver of the automobile, if he knows or by reasonable care would know of such grade, should exercise more care than would be necessary where the place of crossing was upon a level or ascending grade.

The motorman is required to exercise reasonable care in looking for persons who may attempt to cross the tracks of a railway at a crossing, reasonable diligence in having his car under

such control that he can stop upon the appearance of danger, and slow up or stop, if need be, where danger is imminent, if by the exercise of ordinary care the danger could be seen or known by him in time to avoid collision.

If there was mutual negligence at the time of the injury, that is, negligence on the part of both plaintiff and defendant, and the negligence of each was operative at the time, a recovery cannot be had for such injury, because if the negligence of the plaintiff entered into the accident, and was the proximate cause thereof, even though the defendant was also guilty of negligence at the time, there could be no recovery because in such case there is contributory negligence, and the law will not attempt to measure the proportion of blame to be attributed to either party.

As we have already said, the negligence charged by the plaintiff is that the trolley car was running at an excessive and dangerous rate of speed, and that no warning was given by the motorman of its approach.   So that, unless you believe from the greater weight of the evidence that the motorman was either running his car at a rate of speed excessive and dangerous under the circumstances, or that he failed to give proper warning of its approach, and that the accident was caused thereby, the plaintiff cannot recover.

A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe that the collision in this case was of such a character, it would come under the head of unavoidable accident and the defendant would not be liable.

And now, gentlemen, summing up as clearly as we may what we have stated at length, we say for your assistance:  If you believe from the preponderance of the evidence that the injuries to the plaintiff and his automobile were caused by the negligence of the motorman in running his car at an excessive and dangerous rate of speed, or by his failure to give proper warning of its approach, your verdict should be in favor of the plaintiff, unless you also believe that the plaintiff was negligent on his part in failing to see or hear the car in time to avoid the accident, and that such

negligence contributed proximately to the accident. If, however, you are not satisfied that defendant's negligence caused the accident, or if you believe that the plaintiff's own negligence contributed proximately thereto; or if you believe the collision and injuries complained of were the result of an unavoidable accident, your verdict should be in favor of the defendant.

If you should find for the plaintiff your verdict should be for such sum as you believe from the testimony will reasonably compensate him for any pain he has suffered because of the accident, and any pecuniary loss he sustained on account of damage to his automobile caused by the accident.

Verdict for defendant.